# Exhibit 3



**CRMC**
CLAIMS RESOLUTION
MANAGEMENT CORPORATION

**FROM:**   David Austern
             President, CRMC

**DATE:**    September 12, 2005

**RE:**      <u>Suspension of Acceptance of Medical Reports</u>

The reliability of reports prepared by the doctors and screening facilities listed below has been challenged and is the subject of federal grand jury and congressional investigations into alleged fraud. Based upon evidence presented in the silica Multidistrict Litigation (MDL), the challenge is credible and compels suspension of acceptance of these reports. In the two months since Judge Janis Jack issued her June 30, 2005 Order in the silica MDL, CRMC has received no information or evidence to support continued acceptance of reports prepared by these doctors and facilities. Pending completion of the grand jury and congressional investigations and the litigation in which the reports were challenged, CRMC will no longer accept reports prepared by these doctors and facilities.

In addition, CRMC has determined that medical reports prepared by Healthscreen, Inc., a pulmonary function testing (PFT) facility formerly located in Jackson, Mississippi (now closed), are not reliable and will no longer be accepted.

Effective immediately, CRMC will not accept reports from the following doctors and screening facilities. Their names have been removed from the e-Claims™ tables of acceptable doctors and facilities.

Dr. James Ballard                     N&M, Inc.
Dr. Kevin Cooper                      RTS, Inc. (Mobile, Alabama)
Dr. Todd Coulter                      Healthscreen, Inc. (Jackson, Mississippi)
Dr. Andrew Harron
Dr. Ray Harron
Dr. Glynn Hilbun
Dr. Barry Levy
Dr. George Martindale
Dr. W. Allen Oaks

CRMC will not withdraw outstanding offers for claims based upon the reports of these doctors and facilities. However, claimants' only option will be to accept those offers, unless they submit new medical reports from acceptable doctors and facilities.

- 2 -

While Manville Trust claimants usually may elect to accept their last offer, claimants whose *deactivated* claims were based on reports from these doctors or facilities will no longer have that option. Deactivated claims must be re-filed on the basis of new medical reports.

Claims awaiting document submission, Quality Control (QC) document submission or individual evaluation must be recategorized on the basis of new medical reports. For e-filers, claim status has been reset to awaiting categorization decision tree (CDT). For paper filers, CRMC will send claim denial letters.

Inquiries related to the suspension of these doctors and facilities should be directed to CRMC's Customer Relations Analysts at (800) 536-2722 or customeroperations@claimsres.com.

**Celotex Trust**

To:     All Celotex Asbestos Trust Claimant Counsel

From:  John L. Mekus, Executive Director

Re:     Notice of Trust Policy Regarding Acceptance of Medical Reports

Date:   October 18, 2005

In July 2005 the Celotex Asbestos Settlement Trust placed an administrative hold on claims that relied upon medical reports by certain doctors and screening companies challenged in the Silica MDL proceedings in Corpus Christi, Texas. The hold extended to claims in process, claims settled but not yet paid anything, and claims settled but not yet paid a second installment IRC payment. The purpose of this letter is to update the status of those claims and to announce the Trust's determination to no longer accept medical reports from certain doctors and screeners.

**The Listed Doctors And Screeners**

| | |
|---|---|
| Dr. James Ballard | Dr. Barry Levy |
| Dr. Kevin Cooper (of Pascagoula, Mississippi) | Dr. George Martindale |
| Dr. Todd Coulter | Dr. W. Allen Oaks |
| Dr. Andrew Harron | Netherland & Mason, Inc. |
| Dr. Ray Harron | Respiratory Testing Services, Inc. |
| Dr. Glynn Hilbun | Occupational Diagnostics |

**Claims Newly Filed**

Until further notice, effective immediately all claims filed with the Trust must not rely upon medical reports by any of the Listed Doctors And Screeners. Any claim filed that relies on a medical report by these doctors or screeners shall be treated as **deficient** and the claimant will be so notified. Any such deficiency may be cured by the claimant's submission of a medical report to replace the one by a Listed Doctor And Screener.

**Claims Already Filed That Have Not Yet Been Settled**

Until further notice, effective immediately all claims already filed with the Trust but not yet settled that rely upon medical reports by any of the Listed Doctors And Screeners shall be treated as **deficient** and the claimant shall be so notified. For this purpose, a claim has not been settled unless the Trust has received a release signed by the claimant as of the date of this notice. Any such deficiency may be cured by the claimant's submission of a medical report to replace the one by a Listed Doctor And Screener.

### Claims Already Settled But No Payment Has Been Made

Until further notice, all claims already settled by the Trust that rely upon medical reports by any of the Listed Doctors And Screeners shall remain on administrative **hold**. For this purpose, a claim has been settled if the Trust has received a release signed by the claimant as of the date of this notice.

### Claims Awaiting Second IRC Installment Payment

Until further notice, all settled claims awaiting a second installment payment that rely upon medical reports by any of the Listed Doctors And Screeners shall remain on administrative **hold**.

### Lifting Administrative Hold

The Trust shall lift the administrative hold described herein if: (1) the claimant submits a new medical report to replace the one by a Listed Doctor And Screener; or (2) the claimant demonstrates that a medical report by any of the Listed Doctors And Screeners submitted in connection with a claim was not relied upon by the doctor providing the diagnosis of the asbestos-related disease for the claim; or (3) after re-reviewing the medical evidence submitted with all settled claims, the Trust determines that a medical report by any of the Listed Doctors And Screeners submitted in connection with a settled claim was not relied upon by the doctor providing the diagnosis of the asbestos-related disease for the claim.

The Trust may lift the administrative hold described herein after further review, including audit of supporting tests, audit of x-rays, or direct inquiry of doctors or screeners.

### Rescission Notice

If the administrative hold on any claim is not lifted as described above, after a reasonable period of time the Trust may elect to rescind its settlement of such a claim. **All claimants whose claims are now subject to the administrative hold described herein are hereby on notice that the Trust may assert a right to rescind its settlement of their claims.**

If you have any questions regarding this notice, please contact the Celotex Trust Helpline at (888) 872-3160.

**EAGLE-PICHER PERSONAL
INJURY SETTLEMENT TRUST**

William B. Nurre
Executive Director

October 19, 2005

To:    Claimants' Counsel

From:  William B. Nurre

Section 7.1(b) of the Eagle-Picher Industries, Inc. Personal Injury Settlement Trust Claims Resolution Procedures ("CRP") establishes the mandatory medical criteria for claims allowance and specifically requires "a medical report from a *qualified physician* that (i) results from a physical examination by that physician and (ii) contains a diagnosis of an asbestos-related disease." (emphasis added).

Based upon evidence presented in the silica Multidistrict Litigation (MDL) as set forth in Judge Janis Jack's June 30, 2005 Order and the resulting federal grand jury and congressional investigations, the Trust can no longer presume that the following physicians meet the standard of a "qualified physician." Therefore, for claims in which the medical diagnosis results from a medical report of one of the following nine doctors or where the diagnosing physician relied upon a chest x-ray, CT scan or B-Reading report by one of the nine listed physicians in making his diagnosis, the Trust will hold issuing offers on such claims pending the results of the federal investigations. In the meantime, claimants may submit new medical documentation for review from qualified physicians. Any new medical submissions must conform to the mandates of Section 7.1(b) of the CRP.

For claims based on medical evidence of the kind described above that currently have outstanding offers, the Trust is withdrawing these offers pending the results of the federal investigations, at which time the Trust will reevaluate the offer. The Claims Processing Facility ("CPF") will notify under a separate cover the specific law firms whose outstanding claim offers have been withdrawn. Effective immediately, the following physicians will not be considered "qualified" under the EPI Trust CRP.

| | |
|---|---|
| Dr. James Ballard | Birmingham, Alabama |
| Dr. Kevin Cooper | Pascagoula, Mississippi |
| Dr. Todd Coulter | Ocean Springs, Mississippi |
| Dr. Andrew Harron | Kenosha, Wisconsin |
| Dr. Ray Harron | Bridgeport, West Virginia |
| Dr. Glynn Hilbun | Moss Point, Mississippi |
| Dr. Barry J. Levy | Sherborn, Massachusetts |
| Dr. George Martindale | Mobile, Alabama |
| Dr. W. Allen Oaks | Mobile, Alabama |

GENERAL AND
ADMINISTRATIVE OFFICE:
652 Main Street, 2ⁿᵈ Floor
Cincinnati, OH 45202
513-412-5590
Fax 513-412-5591

CLAIMS PROCESSING FACILITY:
161 South Lincolnway
PO Box 306
North Aurora, IL 60542
630-892-5757
Fax 630-892-5838

BOARD OF TRUSTEES:
Ruth R. McMullin
James J. McMonagle
David L. McLean

Page 2

Additionally, the following two screening facilities/PFT labs will also no longer be considered qualified: N&M, Inc. and RTS, Inc.

Inquiries related to the disqualification of these physicians and facilities should be directed to the CPF Inquiries Board at Inquiries@cpf-inc.com or by contacting the CPF Legal Affairs Department at (630) 281-6522.

*William B. Nurre*

GENERAL AND
ADMINISTRATIVE OFFICE:
652 Main Street, 2nd Floor
Cincinnati, OH 45202
513-412-5590
Fax 513-412-5591

CLAIMS PROCESSING FACILITY:
161 South Lincolnway
PO Box 306
North Aurora, IL 60542
630-892-5757
Fax 630-892-5838

BOARD OF TRUSTEES:
Ruth R. McMullin
James J. McMonagle
David L. McLean

*17*

**KEENE CREDITORS TRUST**
c/o Claims Processing Facility, Inc.
East – West Tech Center
1771 West Diehl Rd., Suite 220
Naperville, IL 60563

April 3, 2006

Dear Prospective Claimant or Claimant Counsel,

The Keene Creditors Trust ("the Trust") has been established under Chapter 11 of the Bankruptcy Code to resolve all asbestos claims for which the Keene Corporation ("Keene") has legal responsibility. The Trust is set to begin the processing and payment of personal injury claims. The Trust is organized to provide fair, equitable and substantially similar treatment for all personal injury claims that may presently exist or arise in the future.

This letter is intended to summarize certain of the more salient issues related to filing a personal injury claim with the Trust. Nothing in this letter is intended to replace or modify the requirements of the Keene Asbestos Related Personal Injury Claims Resolution and Distribution Procedures ("the Procedures"). All claimants are encouraged to thoroughly read and understand the Procedures (enclosed) before filing a claim with the Trust.

**Trust Currently Accepting Claims in Categories 1-5 Only:**
The Trust currently has approximately $64 million in assets available for the payment of personal injury claims. Under the seven Disease Categories set forth in the Procedures, the Trust projects the filing of 120,000 malignancy and over 1,000,000 non-malignancy claims. The Procedures allow the Trustees, with the consent of the Trust Advisory Committee (the "TAC"), to suspend payment in any disease category where "the resulting payments would be disproportionate to the cost of processing Claims." The Trustees have determined that payment to holders of Claims in Disease Category 6 (Asbestosis/Pleural Disease, Level II) and Disease Category 7 (Asbestosis/Pleural Disease Level I) would result in payments that are either less than or substantially equal to the cost of processing these claims. Accordingly, with the consent of the TAC and after consultation with professional advisors, the Trustees have elected to suspend processing claims in Disease Categories 6 and 7.

Thus the Trust will be paying claims in Disease Categories 1-5 and not accepting claims in Category 6 or Category 7 at this time. Though the Trustees do not currently foresee likely events that would cause the Trust to pay these disease categories in the future, there is some possibility that unforeseen events may make it appropriate to pay claims in one or both of these disease categories at some point in the future. Pursuant to the Procedures,

the statute of limitations for claims in these Disease Categories will be deemed tolled until such time as the Trust lifts the suspension.

**Payment Schedule:**
Claims will be ordered for processing in the order in which they are received and for payment in the order in which they are liquidated.

**Settlement Offers:**
- Valid claims in Categories 1-5 will be paid the following Scheduled Values, multiplied by the Payment Percentage that is effective at the time of liquidation.

<u>**Scheduled Values**</u>

| Disease Category | Scheduled Disease | Scheduled Value |
|---|---|---|
| 1. | Mesothelioma | $125,000 |
| 2. | Lung Cancer, Level II | $41,200 |
| 3. | Lung Cancer, Level 1 | None |
| 4. | Other Cancer | $21,500 |
| 5. | Severe Asbestosis Disease | $41,200 |
| 6. | Asbestosis/Pleural Disease Level I | Suspended |
| 7. | Asbestosis/Pleural Disease Level II | Suspended |

Category 3 Claims are claims that do not meet the more stringent medical and/or exposure requirements of Lung Cancer, Level 2 (Category II) Claims. There is no Scheduled Value for these Category 3 Claims; rather they will be individually evaluated. The estimated anticipated average of the individual awards for a valid claim in this category is $13,700 (which is subject to the applicable payment percentage). Individualized review is not available for claims in Categories 1, 2, 4 and 5.

*The current payment percentage is 1.1%* At this payment percentage, a Mesothelioma claim paid at scheduled value will receive $1,375, a Lung Cancer Level II claim or Severe Asbestosis Disease claim will receive $453, and an Other Cancer claim will receive $236. The payment percentage is subject to adjustment by the Trustees under the terms of the Procedures. Payment will be made as soon as practicable after receipt and review of the completed Claim Forms and receipt of a fully executed release.

2

**Criteria for Categorization:**

The criteria that a Claim must meet to receive an offer for the Scheduled Value in the five Disease Categories currently being paid by the Trust is as follows:

### Category 1: Mesothelioma

    a) Diagnosis of mesothelioma; and

    b) Credible evidence of exposure to asbestos products manufactured and/or sold by Keene.

### Category 2: Lung Cancer, Level II

    a) Diagnosis of a primary lung cancer plus evidence of an underlying Bilateral Asbestos-Related Nonmalignant Disease[1];

    b) Six (6) months occupational exposure to Keene asbestos products plus Significant Occupational Exposure[2] to asbestos; and

    c) Supporting medical documentation establishing asbestos exposure as a contributing factor in causing the lung cancer in question.

### Category 3: Lung Cancer, Level I

    a) Diagnosis of a primary lung cancer;

    b) Occupational exposure to Keene asbestos products; and

    c) Supporting medical documentation establishing asbestos exposure as a contributing factor in causing the lung cancer in question.

---

[1] Evidence of "Bilateral Asbestos-Related Nonmalignant Disease" (or "Markers") means a report submitted by a qualified physician stating that the claimant has or had an x-ray reading of 1/0 or higher on the ILO scale, or bilateral pleural plaques or pleural thickening (or, if an ILO reading is not available, a chest x-ray reading that indicates bilateral interstitial fibrosis, bilateral interstitial markings, bilateral pleural plaques or bilateral pleural thickening consistent with, or compatible with, a diagnosis of asbestos-related disease).

[2] "Significant Occupational Exposure" is defined in Section 5.4(b)(2) of the Procedures.

3

Lung Cancer, Level I (Category 3)

All Claims in this Disease Category will be individually evaluated. Category 3 Claims that show no evidence of either an underlying Bilateral Asbestos-Related Nonmalignant Disease or Significant Occupational Exposure are not expected to have any significant value, especially if the claimant is also a Smoker. In any event, no presumption of validity will be available for any Claims in this category.

Category 4:  Other Cancer

    a) Diagnosis of a primary colorectal, laryngeal, esophageal, pharyngeal, or stomach cancer, plus evidence of an underlying Bilateral Asbestos-Related Nonmalignant Disease;

    b) Six months occupational exposure to Keene asbestos products plus Significant Occupational Exposure; and

    c) Supporting medical documentation establishing asbestos exposure as a contributing factor in causing the other cancer in question.

Category 5:  Severe Asbestosis Disease

    a) Diagnosis of asbestosis with ILO of 2/1 or greater, or asbestosis determined by pathology, plus (a) TLC less than 65% or (b) FVC less than 65% plus FEV1/FVC ratio greater than 65%;

    b) Six months occupational exposure to Keene asbestos products plus Significant Occupational Exposure to asbestos; and

    c) Supporting medical documentation establishing asbestos exposure as a contributing factor in causing the pulmonary condition in question.

4

**Trust Reevaluation:**

If the Trust determines that a Claim does not meet Trust criteria for any payment or if a claimant disagrees with the Scheduled Disease determination made by the Trust, the claimant may dispute such determination and ask the Trust to reconsider its determination by providing written notice to the Trust as provided in Section 5.4(i) of the Procedures.

**How to Initiate a Claim:**

If a claimant is qualified and elects to file a claim, he or she must file a complete Claim Form and submit all supporting documentation indicated.

A sample of the Claim Form is enclosed and may be copied to provide forms for all claimants represented by a law firm. A claimant must submit the appropriate, fully completed Claim Form, including all supporting information referenced in the form. To expedite processing, claimants are encouraged to file electronically by following the instructions at the Claims Processing Facility website (www.cpf-inc.com).

Claims in Categories 1-5 can be filed individually using the CPF eFile system. To do so, download the eFile Agreement (EFA) from the CPF website. Once that agreement is executed, an eFile user ID and password will be provided which can be used to login to the system. (A law firm that has already executed an EFA with the CPF website need not execute another agreement.) eFile supports the ability to enter new claims, cure deficiencies on existing claims and run a variety of reports on the status of filed claims.

Claims can be filed in-bulk using the eFile Bulk Intake tool. This tool supports the submission of multiple claims quickly and efficiently. For law firms that have claimant data already in electronic form, the Bulk Intake tool can be used to send many claims to the CPF at one time without having to retype them into eFile one claim at a time. The Bulk Intake tool also supports the submittal of supporting document images along with the claim records. Visit the CPF website for detailed instructions on how to use the Bulk Intake tool.

Finally, and most importantly, it is possible that claim data previously submitted to the Eagle-Picher Industries Inc. Personal Injury Settlement Trust can be used to help expedite the preparation and review of claims for the Keene Creditors Trust. By using claim data already available in the CPF systems, the Facility can use prior review decisions to expedite the approval of Keene claims. In no situation will using existing data negatively impact a review; however, it is possible to dramatically reduce review time. For example, a mesothelioma diagnosis confirmed by the EPI Trust can be confirmed by the Keene Trust without re-reviewing the medical information. Taking advantage of this capability will minimize the time it takes to review a claim. For help on using existing information to submit Keene claims, contact the help desk at the CPF.

**Where to Submit Claim Forms:**
Electronic claim submissions, including document images, can be filed directly through the eFile system. There is no need to submit paper claims for eFile submissions.
All paper submissions to the Trust should be addressed to:

Claims Processing Facility, Inc.
East – West Tech Center
1771 West Diehl Rd., Suite 220
Naperville, IL 60563

**Confidentiality of Claimants' Submissions:**
The Trust will preserve the confidentiality of claimant submissions, and will disclose the contents thereof only in response to a valid subpoena of such materials. To the extent practicable, before complying with any subpoena, the Trust will provide notice to claimant or his or her attorneys. The Trust's confidentiality provisions do not prevent the Trust or any claims facility utilized by the Trust from using claimant submissions for the purpose of evaluating or reviewing other claims submitted to the Trust or claims facility.

**Statutes of limitation on filing a claim:**
To be eligible for a place in the FIFO Processing Queue, a claim must meet either:

(i) For claims first filed in the tort system against Keene prior to the Petition Date (December 3, 1993), the applicable federal, state, and foreign statute of limitation and repose that was in effect at the time of the filing of the claim in the tort system, or

(ii) For claims not filed against Keene prior to December 3, 1993, the applicable statute of limitation that was in effect at the time of the filing with the Trust. However, the running of the relevant statute of limitation shall be tolled by any of the following:

    a. The actual filing of the claim against Keene prior to December 3, 1993, whether in the tort system or by submission of the claim to Keene pursuant to administrative settlement agreement;
    b. The filing of the claim against another defendant in the tort system prior to December 3, 1993, if the claim was tolled against Keene by an agreement or otherwise;
    c. The filing of a claim after December 3, 1993, but prior to July 31, 1996 (the Effective Date) against another defendant in the tort system; or
    d. The filing of a proof of claim prior to July 31, 1996 in Keene's Chapter 11 bankruptcy case.

7

If a Claim meets any of the tolling provisions described in the preceding sentence and the claim was not barred by the applicable statute of limitation at the time of the tolling event, it will be treated as timely filed if it is actually filed with the Trust by April 15, 2009. In addition, any claims that were first diagnosed after December 3, 1993, irrespective of the application of any relevant statute of limitation or repose, may be filed with the Trust within three years after the date of diagnosis or by April 15, 2009, whichever occurs later. Finally, the statute of limitations shall be deemed tolled for Disease Categories in which the Trust has suspended claims (currently Categories 6 and 7).

**Suspended Doctors and Screening Companies:**

Section 5.4(a) (ii) of the Procedures requires that before making any payment the Trust must have reasonable confidence that the medical evidence provided in support of the Claim is credible and consistent with recognized medical standards. The Trust has determined, based on currently available information, that medical reports from certain doctors and screening companies may not meet the reliability standards of this section: **Accordingly until further notice the Trust will not accept medical reports from and will not process claims relying upon medical information from the following doctors and screening companies: Dr. James Ballard, Dr. Kevin Cooper (of Pascagoula, Mississippi), Dr. Todd Coulter, Dr. Andrew Harron, Dr. Ray Harron, Dr. Glynn Hilbun, Dr. Barry Levy, Dr. George Martindale, Dr. W. Allen Oaks, Netherland & Mason, Inc., Respiratory Testing, Inc. and Occupational Diagnostics.**

**Questions and Assistance:**

If you have questions concerning these filing procedures or forms, you may reach the Trust in a variety of ways. The Trust has established an automated helpline and website to report on the status of Trust operations and respond to frequently asked questions. The helpline may be reached at 1-888-273-3345, and the Internet web site address is Website (www.cpf-inc.com).

Sincerely,


Keene Asbestos Creditors Trust Trustees



1559843.10

8



**Babcock & Wilcox
Asbestos Personal
Injury Settlement Trust**

Search: [_____] [GO!]

Login

**Home**   ▾ **Resources**   ▾ **News**   **Contact Us**

**QUICK LINKS**
- ❷ File a Claim
- ❷ Q&A for Disputed Physician
- ❷ Understanding Claim Deficiencies
- ❷ Payment Qualification
- ❷ Learn about Trust Online and how to Login
- ❷ Learn more about the Trust
- ❷ Find out more about your Claim

**POPULAR DOWNLOADS**
- ❷ Significant Occupational Exposure Rating
- ❷ B&W Approved Site List
- ❷ B&W Approved Site List (Sorted By State)
- ❷ Instructions for Filing
- ❷ Conversion and Linking
- ❷ More Downloads...



## Downloads

The Babcock & Wilcox Asbestos Settlement Trust web site has readily accessible files for you to download. Simply click on the desired link below to open the document in Adobe Acrobat *or*, download the PDF files to your PC by right-clicking on the link and using the "Save Target As.." option.

 Instructions for B&W Indirect Claims Filing

 B&W Indirect Claim Form

 B&W Alternative Dispute Resolution (ADR) Procedures

 B&W Exposure Affidavit

 B&W Site Code List - Updated 5/30/2008

 B&W Site Code List (Sorted by State) - Updated 5/30/2008

 Claim Form - Update 8/22/07

 E-Filer Agreement

 Instructions for Filing a Claim

 Policy on Physicians and Medical Facilities - Updated 5/10/2008

 Presumptive SOE Occupation/Industry Ratings - Updated 1/23/2007

 Pro Se Electronic Filer Agreement

 TDP Revised Final - Updated 1/4/2008

 Resolution Regarding TDP section 5.10

 Trust Online User Manual

 Uploadable File Types

 ACH Form

 Best Practice Guide

**Doctors and Screening Companies:**

Section 5.7(a)(2) of the Trust Distribution Procedures requires that before making any payment the Trust must have reasonable confidence that the medical evidence provided in support of the Claim is credible and consistent with recognized medical standards. The Trust has determined, based on currently available information, that medical reports from certain doctors and screening companies may not meet the reliability standards of this section. Accordingly, until further notice, the Trust will not accept medical reports from the following doctors and screening companies: Dr. Gregory Nayden, Dr. James Ballard, Dr. Kevin Cooper (of Pascagoula, Mississippi), Dr. Todd Coulter, Dr. Andrew Harron, Dr. Ray Harron, Dr. Glynn Hilbun, Dr. Barry Levy, Dr. George Martindale, Dr. W. Allen Oaks, Netherland & Mason, Inc., Respiratory Testing Services, Inc. and Occupational Diagnostics. At this time, the Trust will not process claims relying upon medical information from the listed doctors and facilities.

# The Plibrico Asbestos Trust

| Home | Documents | Notices | Contact Us |

## Welcome to the Plibrico Asbestos Trust.

### Important Notice Regarding Physicians & Screening Companies

The Plibrico Asbestos Trust was established on March 8, 2006 as the result of the Chapter 11 reorganization of Plibrico Company and Plibrico Sales and Service, Inc. (the "Plibrico Entities"), in order to fairly and equitably resolve all asbestos personal injury claims arising out of exposure to products manufactured, installed, maintained, removed or distributed by the Plibrico Entities.

The Trust has established procedures - which have been approved by a Federal District Court - for processing and paying claims on an impartial, first-in-first-out basis, with the goal of paying all claimants over time as equivalent a share as possible of the value of their claims.

From this site, you may obtain copies of all relevant documents, notices and reports related to operations and administration of the Trust, including complete instructions on how to file a claim. Law firms who have registered for direct access to the Trust's Online Filing application can access the site through the login link at the top of the page.

The Trust is administered by the Trustee, with the guidance and assistance of a five member Trust Advisory Committee and a court-appointed Futures Representative.

| Trustee | Trust Advisory Committee |
|---|---|
| The Honorable Alfred M. Wolin | John D. Cooney |
|  | Cooney & Conway |
|  | Chicago, IL |

**Futures Representative**

| The Honorable Dean M. Trafelet | Steven Kazan |
|---|---|
|  | Kazan, McClain, Edises, Abrams, Fernandez, Lyons & Farrise LLP |
|  | San Francisco, CA |
|  | Steve Baron |
|  | Baron & Budd, P.C. |
|  | Dallas, TX |
|  | Thomas M. Wilson |
|  | Kelley & Ferraro LLP |
|  | Cleveland, OH |
|  | James J. Bedortha |
|  | Goldberg, Persky & White, P.C. |
|  | Pittsburgh, PA |

**Trust Policy on Doctors and Screening Companies:**

Section 5.6(a)(2) of the Trust Distribution Procedures states: "Before making any payment to a claimant, the Asbestos Trust must have reasonable confidence that the medical evidence provided in support of the claim is competent medical evidence of an asbestos-related injury that is credible and consistent with recognized medical standards."

Based upon currently available information, including the policies of other currently operating asbestos personal injury trusts, the Trust has determined that medical reports from certain doctors and/or screening companies may not meet the standards required by the above noted section. Accordingly, Until further notice, the Trust will not process claims relying upon medical reports and information from the following listed doctors and screening companies:

Doctors:
  Dr. James Ballard
  Dr. Kevin Cooper
  Dr. Todd Coulter
  Dr. Andrew Harron
  Dr. Ray Harron
  Dr. Glynn Hilbun
  Dr. Barry Levy
  Dr. George Martindale
  Dr. W. Allen Oaks,

Screening Companies:
  Netherland & Mason, Inc.
  Respiratory Testing Services, Inc.
  Occupational Diagnostics.

The Trust reserves the right to periodically review and amend the above list as required by the Trust Distribution Procedures and in light of ongoing developments in the asbestos litigation.



 **Owens Corning / Fibreboard Asbestos Personal Injury Trust**

Search: _____ GO!

Home ▾ Resources ▾ News ▾ Contact Us                                    Login

**QUICK LINKS**
- File a Claim
- Understanding Claim Deficiencies
- Payment Qualification
- Learn about Trust Online and how to Login
- Learn more about the Trust
- Find out more about your Claim
- Best Practices

**POPULAR DOWNLOADS**
- Significant Occupational Exposure Rating
- Owens Corning Approved Site List
- Fibreboard Approved Site List
- Instructions For Filing
- More Downloads...



## Downloads

The Owens Corning Fibreboard Asbestos Settlement Trust web site has readily accessible files for you to download. Simply click on the desired link below to open the document in Adobe Acrobat *or*, download the PDF files to your PC by right-clicking on the link and using the "Save Target As.." option.

 Instructions for OC Indirect Claims Filing

 OC Indirect Claim Form

 Instructions for FB Indirect Claims Filing

 FB Indirect Claim Form

  Owens Corning Site List - Updated 8/28/08

 Fibreboard Site List - Updated 8/28/2008

  Significant Occupational Exposure Rating

 OCFB Alternative Dispute Resolution (ADR) Procedures

 Trust Distribution Procedures - Updated 1/30/08

 Resolution Regarding TDP Section 5.7

 Resolution Regarding TDP Section 5.10

 Futures Representative Contact Information - Updated 1/23/09

 Trust Online User Manual

 Claim Form

 ACH Form

 Policy on Physicians and Medical Facilities - Updated 5/10/2008

Instructions for Filing a Claim - Updated 7/1/08

Uploadable File Types

 Exposure Affidavit

 Prose E-filer Agreement

 E-filer Agreement

**Doctors and Screening Companies:**

Section 5.7(a)(2) of the Trust Distribution Procedures requires that before making any payment the Trust must have reasonable confidence that the medical evidence provided in support of the Claim is credible and consistent with recognized medical standards. The Trust has determined, based on currently available information, that medical reports from certain doctors and screening companies may not meet the reliability standards of this section. Accordingly, until further notice, the Trust will not accept medical reports from the following doctors and screening companies: Dr. Gregory Nayden, Dr. James Ballard, Dr. Kevin Cooper (of Pascagoula, Mississippi), Dr. Todd Coulter, Dr. Andrew Harron, Dr. Ray Harron, Dr. Glynn Hilbun, Dr. Barry Levy, Dr. George Martindale, Dr. W. Allen Oaks, Netherland & Mason, Inc., Respiratory Testing Services, Inc. and Occupational Diagnostics. At this time, the Trust will not process claims relying upon medical information from the listed doctors and facilities.




# United States Gypsum
# Asbestos Personal Injury
# Settlement Trust

Search: [        ] [GO!]

Home    Resources    News    Contact Us

**Login**

### QUICK LINKS
- ☑ **File a Claim**
- ☑ **Understanding Claim Deficiencies**
- ☑ **Payment Qualification**
- ☑ **Learn about Trust Online and how to Login**
- ☑ **Learn more about the Trust**
- ☑ **Find out more about your Claim**

### POPULAR DOWNLOADS
- ☑ **Significant Occupational Exposure Rating**
- ☑ **Presumed Company Exposure**
- ☑ **A.P. Green Approved Site List**
- ☑ **A.P. Green Approved Site List (Sorted By State)**
- ☑ **USG Approved Site List**
- ☑ **USG Approved Site List (Sorted By State)**
- ☑ **Instructions for Filing**
- ☑ **Conversion and Linking**
- ☑ **More Downloads...**



## Welcome to
## The United States Gypsum Asbestos Trust

The United States Gypsum Asbestos Personal Injury Settlement Trust was established under Chapter 11 of the United States Bankruptcy Code to resolve all asbestos claims for which the USG Company has legal responsibility.

The Trust is organized to pay all valid asbestos personal injury claims against these defendants and certain related protected parties in accordance with the Trust Distribution Procedures ("TDP") approved by the bankruptcy court. The purpose of this website is to provide information to assist claimants and others in understanding the purpose of the USG Asbestos Trust and how the Trust resolves claims.

*"The goal of the Trust is to process and pay valid claims as promptly and efficiently as possible."*

A copy of the applicable TDP is available on this site. Information regarding claim filing procedures will indicate, among other things, when and how claims may be filed with the Trust.

## Our Core Values

*We work hard to exceed the expectations of our claimants and Trustees...*

*We conduct business with integrity and trust...*

*We respond quickly to claimants needs...*

*We treat all claimants equitably...*

## Need Help?

Be sure to browse Resources on the Navigation bar for claim related information that may assist you.





1/9/2009 Trust Online Enhancements
10/31/2008Trust Online Enhancements
10/16/2008Trust Online Enhancements
10/9/2008 Announcement of Automated Clearing House (ACH) Payment Requirement
9/26/2008Updated A.P. Green Site List
9/26/2008Updated USG Site List
9/25/2008 Trust Online Enhancements
9/9/2008 Trust Online Updates
8/18/2008 Trust Online Updates
8/11/2008 New USG Indirect Claim Form & Filing Instructions
7/7/2008 Trust Online Updates
7/1/2008Updated Instructions for Filing
6/5/2008 USG New W-9 Ruling
5/15/2008 Claim Form Update
5/12/2008Trust Online Enhancements
5/10/2008Update to The Policy on Physicians and Medical Facilities
4/7/2008Trust Online Enhancements
3/26/2008 Updated USG Question 7 for Company Exposure
3/6/2008Updated Trust Distribution Procedures
1/15/2008Trust Online Enhancements
1/14/2008 Updates for Webservice and Bulk Upload User
12/27/2007 Inquiries Regarding the Effect of Statutes of Limitations Upon Claims to the Trust
9/12/2007Third-Party Inquiries Regarding USG Confidential Trust Information
8/24/2007 Updated Deficiency Codes

4/3/2007 Diagnosis
Language - "Consistent
With or Compatible
With"
4/3/2007 Pathology
Reports



**Doctors and Screening Companies:**

Section 5.7(a)(2) of the Trust Distribution Procedures requires that before making any payment the Trust must have reasonable confidence that the medical evidence provided in support of the Claim is credible and consistent with recognized medical standards. The Trust has determined, based on currently available information, that medical reports from certain doctors and screening companies may not meet the reliability standards of this section. Accordingly, until further notice, the Trust will not accept medical reports from the following doctors and screening companies: Dr. Gregory Nayden, Dr. James Ballard, Dr. Kevin Cooper (of Pascagoula, Mississippi), Dr. Todd Coulter, Dr. Andrew Harron, Dr. Ray Harron, Dr. Glynn Hilbun, Dr. Barry Levy, Dr. George Martindale, Dr. W. Allen Oaks, Netherland & Mason, Inc., Respiratory Testing Services, Inc. and Occupational Diagnostics. At this time, the Trust will not process claims relying upon medical information from the listed doctors and facilities.





Search: [          ] [GO!]

**Login**

Home   ▾ Resources   ▾ News     Contact Us

### QUICK LINKS

🖑 File a Claim
🖑 Payment Qualification
🖑 Learn about Trust Online and how to Login
🖑 Contact the Trust
🖑 Learn more about the Trust
🖑 Find out more about your claim

### POPULAR DOWNLOADS

🖑 Significant Occupational Exposure Rating
🖑 AWI Approved Site List
🖑 Instructions for Filing
🖑 Conversion and Linking
🖑 More Downloads...



## Welcome to
## The Armstrong World Industries Asbestos Trust

The Armstrong World Industries Asbestos Trust was established under Chapter 11 of the United States Bankruptcy Code to resolve all asbestos claims for which the AWI Company has legal responsibility.

The Trust is organized to pay all valid asbestos personal injury claims against these defendants and certain related protected parties in accordance with the Trust Distribution Procedures ("TDP") approved by the bankruptcy court. The purpose of this website is to provide information to assist claimants and others in understanding the purpose of the Armstrong World Industries Asbestos Trust and how the Trust resolves claims.

"The goal of the Trust is to process and pay valid claims as promptly and efficiently as possible."

A copy of the applicable TDP is available on this site. Information regarding claim filing procedures will indicate, among other things, when and how claims may be filed with the Trust.

### Our Core Values

*We work hard to exceed the expectations of our claimants and Trustees...*

*We conduct business with integrity and trust...*

*We respond quickly to claimants needs...*

*We treat all claimants equitably...*

### Need Help?

Be sure to browse Resources on the Navigation bar for claim related information that may assist you.





1/9/2009 Trust Online Enhancements
11/6/2008Updated Trust Distribution Procedures
10/31/2008Trust Online Enhancements
10/16/2008Trust Online Enhancements
10/14/2008Updated AWI Approved Site List
10/9/2008 Announcement of Automated Clearing House (ACH) Payment Requirement
9/25/2008 Trust Online Enhancements
9/9/2008 Trust Online Updates
8/18/2008 Trust Online Updates
7/7/2008 Trust Online Updates
5/12/2008Trust Online Enhancements
5/10/2008Update to The Policy on Physicians and Medical Facilities
4/7/2008Trust Online Enhancements
3/3/2008Trust Online Enhancements
1/15/2008Trust Online Enhancements
1/14/2008 Updates for Webservice and Bulk Upload User
11/13/2007 Initial Claims Filing Date Extension
9/13/2007 W-9 Form Information
8/24/2007Updated Deficiency Codes
8/24/2007 New W-9 Requirements



**Doctors and Screening Companies:**

Section 5.7(a)(2) of the Trust Distribution Procedures requires that before making any payment the Trust must have reasonable confidence that the medical evidence provided in support of the Claim is credible and consistent with recognized medical standards. The Trust has determined, based on currently available information, that medical reports from certain doctors and screening companies may not meet the reliability standards of this section. Accordingly, until further notice, the Trust will not accept medical reports from the following doctors and screening companies: Dr. Gregory Nayden, Dr. James Ballard, Dr. Kevin Cooper (of Pascagoula, Mississippi), Dr. Todd Coulter, Dr. Andrew Harron, Dr. Ray Harron, Dr. Glynn Hilbun, Dr. Barry Levy, Dr. George Martindale, Dr. W. Allen Oaks, Netherland & Mason, Inc., Respiratory Testing Services, Inc. and Occupational Diagnostics. At this time, the Trust will not process claims relying upon medical information from the listed doctors and facilities.