# Exhibit C

OCT.15.2002  2:52PM   SUPERIOR COURT                                    NO.120   P.2

**SHARON S. ARMSTRONG**
JUDGE OF THE SUPERIOR COURT
KING COUNTY COURTHOUSE
King County, Washington

(206) 296-9363                                                          516 Third Avenue
Courtroom: E835                                                         Seattle, WA 98104

**WORKING COPY**

October 15, 2002

To:   Counsel of Record, Moving and Responding Parties

Re:   ACR XXIII Summary Judgment Motions

Dear Counsel,

1. <u>Defendant Metalclad's Motions for Summary Judgment re: Failure to Establish Proof of Injury for Certain ACR XXIII Cases.</u>

   Motions are granted as to all plaintiffs except Lawrenz and Stockman.

   Dr. Segarra has the requisite skill, training and experience to render expert diagnoses concerning lung disease. However, when he participated in union screenings of certain plaintiffs, he performed examinations, rendered diagnoses, and recommended treatment without being licensed in Washington, a criminal offense. He also relied for his diagnoses on radiology reports from unregistered and uncertified technicians or radiologists using unregistered and uncertified equipment. The Court concludes it would contravene public policy to accept such evidence. Metalclad's motion with respect to each plaintiff who relies only on Dr. Segarra and the non-conforming x-rays is granted. The dismissal, however, is necessarily without prejudice.

2. <u>Defendant Metalclad's Motions for Summary Judgment re: Product Exposure.</u>

   | | |
   |---|---|
   | Richard Baumgartner: | Granted except as to 100N in 1973, and 200E Powerhouse in 1973-1974. |
   | Dale Crosby: | Granted except as to 200E Powerhouse in 1973-1974. |
   | Roy DeHart: | Granted (statute of limitations motions are addressed separately). |
   | Fred Delaney: | Granted as to Longview. Denied as to Crown Zee Mill in Camas. |
   | Donald Fisher: | Denied. |
   | Jesse Garrett: | Denied. |
   | Francis Goerig: | Granted. |

Beth Johnston:    Granted.
Norman Lawrenz:   Granted.
Nathan Phillips:  Granted except as to 200E Powerhouse.

3. Defendant Metalclad's Motions for Summary Judgment re: Statute of Limitations.

   Roy DeHart:  Denied – Issue of fact as to actual/constructive knowledge
                of/identity of defendant.

4. Defendant Hamilton Materials Motion for Summary Judgment re: Statute of Limitations.

   Roy DeHart:  Denied. See No. 3 above.

5. Defendant Babcock-Borsig's Joinder in Ingersoll-Rand's Motions for Summary Judgment re: Statute of Limitations.

   Denied.

6. Defendant Babcock-Borsig's Motion for Summary Judgment re: Product Exposure.

   Garrett:     Granted.
   Ireland:     Granted.
   Kinnie:      Granted.
   VanBergen:   Granted.
   Wilse:       Granted.
   Torre:       Denied.

7. Defendant Brandon Drying Fabric's Motion for Summary Judgment re: Successor Liability.

   Granted.

8. Defendant Saberhagen's Consolidated Motions for Summary Judgment re: Product Identification.

   Beth Johnston: Granted.
   Condrey, Delaney, Downs, Gallamore, Kesterson, Matherly, Reinholdt, Taylor, and Wilson: Granted
   Gilbert, Garrett, Boyer, Getsline, Houk, Roe, Harris: Granted
   Bliss: Denied.

9. Defendant Saberhagen's Motion for Summary Judgment re: Industrial Insurance Act.

   Leek:  Granted as to claims arising during his employment with Tacoma Asbestos/
          Brower (1942-1987) due to I.I.A.

      Granted as to claims arising at the Todd Tacoma Shipyard in 1942 and 1943 due to inadmissibility of Benjamin Bradley's deposition testimony which is stricken.

10. **Defendant Mehrer and Mehrer Drywall's Motion for Summary Judgment re: Statute of Repose, Product Exposure.**

    Granted as to Pier 52 on based on statute of repose.
    Granted as to Olympic Four Seasons, Boeing Renton, and Boeing Everett due to insufficient evidence of exposure.
    Denied as to Hungerford Hotel due to dispute of fact as to when the work occurred.
    Denied as to request for fees and costs.
    Plaintiff is advised to file a petition for anti-harassment order on that calendar if he believes the facts merit such relief.

11. **Defendant Hamilton Materials' Motions for Summary Judgment re: Product Exposure and Physical Harm.**

    Denied as to product exposure.
    Denied as to physical harm.

The prevailing parties are directed to submit revised, complete orders if such orders were not submitted at the time of argument.

Due to the large number of motions, if counsel note the court has overlooked any motion, please advise the bailiff.

Thank you for your attention to this matter.

                        Very truly yours,

                        Sharon S. Armstrong
                        Judge Sharon S. Armstrong

Cc: Court File