# Exhibit K

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

IN RE:   SILICA PRODUCTS   MDL No. 1553
LIABILITY LITIGATION

OPPOSITION TO MOTION TO COMPEL
REGARDING JAMES W. BALLARD, M.D.

COMES NOW James W. Ballard, M.D., by and through his undersigned counsel, who enter their appearance on behalf of Dr. Ballard for the purpose of filing this Opposition to Motion to Compel Regarding James W. Ballard, M.D. As grounds therefore, Dr. Ballard states the following:

1. Dr. Ballard was served with a subpoena for the production of documents on or about October 8, 2004 in Birmingham, Alabama, which sits within the jurisdiction of the United States District Court for the Northern District of Alabama. A copy of the said subpoena is attached hereto as Exhibit A.

2. As set forth by Dr. Ballard's counsel in November 11, 2005 correspondence to Daniel J. Mulholland, the attorney who issued the subpoena, at the time of service, Dr. Ballard did not believe that he possessed documents responsive to the subpoena. Recently, however, it has come to Dr. Ballard's attention that certain documents possibly within the scope of the subpoena were retained in his office.

3. Currently, there is an ongoing criminal grand jury investigation by the United States Attorney's Office for the Southern District of New York. I have been advised by Frederick P. Hafetz, Esq., attorney for Dr. Ballard in connection with that investigation, that Dr. Ballard is a subject of the investigation.

4. In light of the current grand jury investigation, Dr. Ballard asserts his Fifth Amendment privilege in opposition to the production of any documents pursuant to the defendants' document subpoena.

5. Attached hereto as Exhibit B is an Affidavit by James W. Ballard, M.D., where he personally asserts his Fifth Amendment privilege in opposition to the production of documents pursuant to the defendants' document subpoena.

6. Rule 45 of the Federal Rules of Civil Procedure sets forth the procedure for the issuance of a subpoena. Subsection (a)(2) states:

> A subpoena commanding attendance at a trial or hearing shall issue from the court for the district in which the hearing or trial is to be held. A subpoena for attendance at a deposition shall issue from the court for the district designated by the notice of deposition as the district in which the deposition is to be taken. If separate from a subpoena commanding the attendance of a person, a subpoena for <u>production or inspection</u> shall issue from the court for the <u>district in which the production or inspection is to be made</u>.

(emphasis added).

7. Pursuant to F.R.Civ.P. Rule 45(a)(2), the subpoena at issue was served upon Dr. Ballard through the United States District Court for the Northern District of Alabama. See Exhibit A.

8. F.R.Civ.P. Rule 45(c)(3)(A) states:

> On timely motion, the <u>court by which a subpoena was issued</u> shall quash or modify the subpoena if it
> (i) fails to allow reasonable time for compliance;
> (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

>   (iii) requires disclosure of <u>privileged or other protected matter</u> and no exception or waiver applies, or
>   (iv) subjects a person to undue burden.

(emphasis added).

9. In this case, the subpoena at issue was issued through the United States District Court for the Northern District of Alabama. Dr. Ballard is not a party to In re: Silica Products Liability Litigation, MDL No. 1553. He is a non-party witness, who resides in Birmingham, Alabama. The subpoena was issued through the Northern District of Alabama because that is the only court that held jurisdiction over Dr. Ballard.

10. As set forth by Rule 45, F.R.Civ.P., only that court that issues a subpoena may decide whether is violates a certain privilege. In the case at hand, it is undisputed that the Northern District of Alabama issued the subpoena for production of documents to Dr. Ballard. Thus, only the Northern District of Alabama possesses jurisdiction over Dr. Ballard, a non-party witness, and only the Northern District of Alabama may decide whether the subpoena requires the disclosure of privileged materials.

WHEREFORE, PREMISES CONSIDERED, Dr. Ballard, by and through his undersigned counsel, respectfully requests that this Court deny the Motion to Compel Regarding James W. Ballard, M.D. for the reasons stated herein.

Respectfully Submitted,

_____
Frederick P. Hafetz

Hafetz & Nechles
500 Fifth Avenue, 29th Floor
New York, New York 10110

_____
Eddie Leitman
Hubert G. Taylor
Leitman, Siegal & Payne, P.C.
600 North 20th Street, Suite 400
Birmingham, Alabama 35203

## CERTIFICATE OF SERVICE

I hereby certify that on November 29, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

_____
OF COUNSEL

EXHIBIT "B"

TO OPPOSITION TO MOTION TO COMPEL
REGARDING JAMES W. BALLARD, M.D.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

IN RE:   SILICA PRODUCTS                                    MDL No. 1553
         LIABILITY LITIGATION

AFFIDAVIT OF JAMES W. BALLARD, M.D.

STATE OF ALABAMA            )

COUNTY OF JEFFERSON         )

Personally appeared before me, the undersigned authority in and for said county and said state, James W. Ballard, M.D., who after first being duly sworn deposes and states as follows:

1. My name is James W. Ballard, and I reside in Birmingham, Alabama.

2. I have reviewed Motion to Compel Regarding James W. Ballard, M.D., and the subpoena for the production of documents issued on or about October 8, 2004 through the United States District Court for the Northern District of Alabama, which is attached as Exhibit A to the Opposition to Motion to Compel Regarding James W. Ballard, M.D.

3. I hereby assert my Fifth Amendment privilege pursuant to the United States Constitution in opposition to the production of any documents under this document subpoena.

FURTHER AFFIANT SAITH NOT.

_____
JAMES W. BALLARD

STATE OF ALABAMA      )

JEFFERSON COUNY        )

    Personally appeared before me, the undersigned authority in and for said county and state, James W. Ballard, who being by me first duly sworn, deposes and states that the contents of the foregoing are true and correct.

    Sworn to and subscribed to before me on this the 18 day of November 2005.

*[signature]*
Notary Public
My Commission Expires: 8/20/09