IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**NATIONAL SERVICE INDUSTRIES, INC.,**
**F/D/B/A NORTH BROTHERS, INC.**                                   **PLAINTIFF**

**VERSUS**                                                          **3:09CV83HTW-LRA**

**JAY T. SEGARRA, M.D,**
**RESPORATORY TESTING SERVICES, INC.**
**CHARLES E. FOSTER**
**J. MICHAEL FITZGERALD, ESQ.**
**CHISTOPHER LINN TAYLOR**
**JAMES W. BALLARD, M.D.**
**PHILLIP H. LUCAS, M.D.**
**JOHN DOE DEFENDANTS 1 - 20**                                     **DEFENDANTS**

### JAY T. SEGARRA, M.D.'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS

COME NOW Defendant, Jay T. Segarra, M.D., (hereinafter, "Dr. Segarra") in the above styled and numbered cause by and through his attorneys of record, John A. Banahan and Matthew G. Mestayer, and respectfully submits this his Memorandum of Law in support of his Motion to Dismiss, and would show unto the Court the following:

### I. STATEMENT OF FACTS

On February 12, 2009, National Service Industries, Inc., f/d/b/a North Brothers, Inc., (hereinafter, "NSI"), commenced the above-styled action against Dr. Segarra, Respiratory Testing Services, Inc., Charles E. Foster, J. Michael Fitzgerald, Esq., Christopher Linn Taylor, James W. Ballard, M.D., Phillip H. Lucas, M.D., and John Doe Defendants 1-20. The Complaint alleged claims for civil RICO, civil RICO conspiracy, common law fraud, negligent misrepresentation, and aiding and abetting fraud against

Dr. Segarra and the other defendants.

This lawsuit is the latest in a long list of attempts by the Plaintiff to harass the Defendant, Dr. Segarra, almost all of which have been instituted by the law firm of Forman Perry Watkins Krutz & Tardy, LLP (hereafter "Forman Perry").  The Complaint is fraught with irrelevant allegations and personal attacks on Dr. Segarra that are clearly designed to prejudice the Court against this Defendant.  Throughout the Complaint, the Plaintiff uses the term "Segarra Enterprise" in an attempt to inflame prejudice against this Defendant, Jay T. Segarra, M.D. For the aforementioned reasons and those more clearly set out below, this lawsuit should be dismissed, and the harassment of Dr. Segarra must cease.

Dr. Segarra is a Board Certified pulmonologist and NIOSH certified B reader. Dr. Segarra served in the United States Air Force and remained a member of the Reserves.  In the early 1990's, thousands of asbestos claims were pending in Mississippi and, in particular, Jackson County, Mississippi.  Asbestos is a harmful substance that causes primarily pulmonary injuries which was, nevertheless, used in shipbuilding for decades in Jackson County, Mississippi, and in many other locations.  If a plaintiff claimed to be injured by exposure to asbestos, he was provided the option of being examined by a physician, such as Dr. Segarra.   There is nor was there ever anything unusual about a physician being asked to express an opinion in a case and being paid by an attorney as a retained expert to give that opinion. Moreover, defendants routinely request medical examinations of a plaintiff by a physician of the defendant's choice.

Because of the volume of claims being filed against asbestos manufacturers, a

"mass tort" system for payment of legitimate claims was created with full compliance and cooperation of the asbestos manufacturers. A plaintiff claiming to be injured due to exposure to asbestos would present evidence to the asbestos manufacturers, who would then decide whether to settle the claim or not. At no time was an asbestos manufacturer required to accept the findings of the plaintiff's expert witness. At no time was an asbestos manufacturer prohibited from denying a claim it found meritless or even questionable. To the contrary, each time a plaintiff submitted medical proof of injury, the asbestos manufacturer was free to have the findings interpreted by their own expert witnesses and to deny the plaintiff's claim.

  The Plaintiff in the case at bar, NSI, settled thousands of claims. NSI had every opportunity in the underlying asbestos litigation to challenge the merits of each and every claim it paid. In addition, NSI had every opportunity in the underlying asbestos litigation to require additional proof before settling a claim. Further, NSI had every opportunity in the underlying asbestos litigation to deny a claim and proceed to trial and allow a jury to determine if a plaintiff had been injured. Now, in excess of eighteen years since NSI began entering into *voluntary* settlements, it seeks to reopen the claims and relitigate the merits of the claims under the guise of "RICO" and "fraud" claims against Dr. Segarra and others. The Plaintiff has failed to state a claim upon which relief can be granted, and in addition the statute of limitations has passed on the Plaintiff's claims.

  According to Exhibit V, the Plaintiff provides a list of Thirty-one Thousand, Nine Hundred Sixteen "claims" settlements that it alleges may have been "fraudulent" of which 840 claims reference this Defendant. Despite being labeled by the Plaintiff as

the "godfather" of the RICO "conspiracy, Dr. Segarra was the retained expert on only thirty-one (31) of these 840 claims listed by the Plaintiff, or less than four percent (4%). The "settlement" amounts range from $237.00 to $150,000.00, clearly indicating that the Plaintiff performed an analysis of the merits of each claim. The Plaintiff makes no specific allegations to support why these asbestos claims were fraudulent or exactly what Dr. Segarra did or did not do that constituted "fraud." In addition, *all* of the claims were settled prior to February 11, 2005, or more than four (4) years before the Complaint was filed, and therefore all of the Plaintiff's claims are barred by the statute of limitations.

## II.  LAW AND ARGUMENT

### A.    Dr. Segarra Is Entitled to a Dismissal of Counts I Through V As They Are Time-Barred

The statute of limitations bars all RICO claims that accrued prior to February 11, 2005, and all other claims that accrued prior to February 11, 2006. The Plaintiff should not be permitted to seek damages for any alleged "fraudulent" claim it settled prior to February 11, 2006, or for any alleged RICO violation for any asbestos claim it settled prior to February 11, 2005. There is no indication in the Complaint that any of the 'fraudulent' claims listed by the Plaintiff on Exhibit V to the Complaint was settled by the Plaintiff within four (4) years next proceeding the filing of the Complaint on February 11, 2009. Moreover, there is no specific allegation in the Complaint that this Defendant, Dr. Segarra, committed any fraudulent act against the Plaintiff after February 11, 2005, that constituted any predicate act within the meaning of Title 18 U.S.C. § 1962 (c) which thereafter induced Plaintiff to settle any claim. Every one of the claims listed by Plaintiff

on Exhibit V to the Complaint was, as a matter of law, time barred before February 11, 2009, based on the dates those claims were allegedly filed against the Plaintiff, under RICO case precedent.  In addition, every one of the claims listed by Plaintiff in the Complaint and described in brief detail on Exhibit V to the Complaint was allegedly settled by the Plaintiff on dates more than four (4) years next proceeding the filing of the Complaint on February 11, 2009.  Therefore, every one of those claims is additionally time barred as to this Defendant based on the date each of those claims was settled.

NSI's civil RICO, 18 U.S.C. §1962 (c), and RICO conspiracy, 18 U.S.C. §1962(d), claims are governed by a uniform four-year statute of limitations period. Agency Holding Corp. v. Malley-Duff & Assoc., 483 U.S. 143, 156 (1987).[1]  The cause of action arises as soon as the Plaintiff knows or should know of the injury, not when the Plaintiff discovers a pattern of RICO activity.  Rotella v. Wood, 528 U.S. 549, 559 (2000).   A common law fraud claim accrues and the statute of limitations begins to run upon the consummation of the fraud.  Wilbourn v. Equitable Life Assurance Society, 990 So. 2d 430, 437 (Miss. 2008).   Assuming *arguendo*, that the discovery provision applies, the statute is tolled  until a Plaintiff should have reasonably known of some negligent conduct, even if the Plaintiff does not know with absolute certainty that the conduct was legally negligent.  Boyles v. Schlumberger Tech. Corp., 832 So. 2d 503, 506 (Miss. 2002).[2]

---

[1] *See also*, Boulmay v. Rampart 920, Inc., 124 Fed. App. 889 (5th Cir. 2005) and Rogers v. McDorman, 521 F.3d 381 (5th Cir. 2008).

[2] The discovery provision does not apply in the case at bar because the alleged injury was not *latent*.  NSI had the ability to investigate each and every claim filed against it.

In the instant case, NSI was on inquiry notice of the alleged injuries when the allegedly "fraudulent" claims against it were filed or settled.  However, NSI asserts that it was injured by relying on the alleged false medical reports and diagnoses generated by Dr. Segarra and others, and as a result thereof, NSI "paid millions of dollars in verdicts, settlements and costs to defend false claims of asbestos-related injuries. "  It is undisputed that when NSI was presented in the asbestos litigation with each of the 31,916 claims that it alleges were "fraudulent," it had every opportunity to investigate each claim and review the medical data submitted on behalf of each claimant.  If there was any fraudulent or negligent conduct on Dr. Segarra's part, which is specifically denied, such fraudulent or negligent conduct could have easily been determined and the claim could have been denied.  Instead, NSI settled the claims and only now, years later, seeks to recoup its settlement payments.  If NSI truly believed that the 31,916 claims were without merit, then the time to challenge the claims was in the underlying asbestos litigation.

Instead, NSI now seeks to have this Court set aside the statute of limitations by making a blanket assertion of "fraudulent concealment."  A claim for fraudulent concealment requires some action, affirmative in nature, which was designed or intended to prevent, and which did prevent, the discovery of facts giving rise to the fraud claim.  Davidson v. Rogers, 431 So. 2d 483, 485 (Miss. 1983).  The Plaintiff must prove a subsequent affirmative act of fraudulent concealment to toll the statute of limitations.  Archer v. Nissan Motor Acceptance Corp., 550 F.3d 506, 511 (5th Cir. 2008).  The Plaintiff must show an affirmative act by the Defendant that was designed to prevent, and did prevent, the discovery of the claim and, despite Plaintiff's due

diligence, he could not have discovered the claim.  Walker v. Epps, 550 F.3d 407, 416 (5th Cir. 2009).

In the case at bar, NSI has failed to state a claim for fraudulent concealment. NSI attempts to argue that due to the nature of the Defendants' alleged fraud and misrepresentations and concealment thereof, it did not discover the alleged fraud and misrepresentations and could not have reasonably been expected to do so, until at the earliest after mid-2006.  Compl. ¶ 198.  Despite the fact that NSI entered into agreements to settle numerous claims of its own volition, it would now like to accuse this Defendant, Dr. Segarra, and others of generating alleged false reports and diagnoses in order to induce NSI into settling these alleged "fraudulent" claims.  This Defendant would point out that there was nothing prohibiting NSI from investigating the merits of each and every one of the 31,916 claims it alleges were "fraudulent."  The Plaintiff alleges that discovery of the claims against Dr. Segarra "required the acquisition and then analysis of the records and screening practices of Defendants." Compl., ¶ 179.   This argument defies logic.  The 31,916 claims laid out by the Plaintiff did not require the acquisition or analysis of any screening practices or any records other than the records supporting each of the claims.  These claimants' records have been in the Plaintiff's possession long before February 11, 2005, and there is no allegation that Dr. Segarra did anything to "conceal" the medical data on which these claims were based.

Rather than being in the dark about the bases for these allegedly fraudulent claims, NSI had access to the information that they now attempt to use as the basis for their civil RICO and fraud claims.  Despite having access to this information and even

though Dr. Segarra provided medical reports and diagnoses in an allegedly fraudulent claim that was filed as early as March 14, 1994, NSI did not contest Dr. Segarra's opinions nor assert its civil RICO and RICO conspiracy claims until February 12, 2009 - ***over fourteen years later.***

Accordingly, NSI's civil RICO and RICO conspiracy claims are time-barred under the applicable four-year statue of limitations for civil RICO, and NSI's common law fraud claim and negligent misrepresentation claim are time-barred by the three-year limitations period found in Miss. Code Ann. §15-1-49.

### B. Alternatively, NSI's Complaint Should Be Dismissed Because It Fails to State A Claim Upon Which Relief Can Be Granted

#### I. Motion to Dismiss Standard

Even if the Plaintiff's claims were not barred by the statute of limitations, the Plaintiff's Complaint must still be dismissed for failure to state a claim upon which relief can be granted.

Dr. Segarra's motion to dismiss is predicated upon Federal Rule of Civil Procedure 12(b)(6). In assessing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court "must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff." *See* Pace v. Suntech, Inc., 900 F.Supp. 20, 23 (S.D. Miss. 1995) (citing McCartney v. First City Bank, 970 F.2d 45, 47 (5th Cir. 1992)). "The purpose of a Rule 12(b)(6) motion to dismiss is to test the statement of the claim for relief as set out in the complaint." Pace, at 23 (S.D. Miss. 1995) (citing Murray v. Amoco Oil Co., 539 F.2d 1385, 1387 (5th Cir. 1976). "The motion may be granted 'only if it appears that no relief could be granted under any set

of facts that could be proved consistent with the allegations." Pace, at 23 (S.D. Miss. 1995) (quoting Barrientos v. Reliance Standard Life, Ins. Co., 911 F.2d 1115, 1116 (5th Cir. 1990)). The purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §1356, at 294 (3d ed. 2007).

> ii. Counts I and II Should Be Dismissed Because NSI Has Failed To Plead Essential Facts With Particularity And Because A Pattern of Racketeering Activity Has Not and Cannot Be Established By NSI

RICO provides a private civil action to recover treble damages for injury suffered as a result of a violation of its substantive povisions." Price v. Pinnacle Brands, Inc., 138 F.3d 602, 606 (5th Cir. 1998). "To state a civil RICO claim under 8 USC §1962, a plaintiff must allege: (1) the conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Id. (citing Elliott v. Foufas, 867 F.2d 877, 880 (5th Cir. 1989).

In Count One, NSI alleges violations of RICO, §1962 (c) and (d), and in Count Two alleges conspiracy to violate the RICO statute. In order to state a claim under RICO, a plaintiff must allege the existence of an enterprise. Brunig v. Clark, 560 F.3d 292 (5th Cir. 2009). "To avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations..." Guidry v. Bank of LaPlace, 954 F.2d 278, 281 (5th Cir. 1992). This requires more than a conclusory statement or "a recitation of the elements masquerading as facts." Brunig, 560 F.3d 292. In addition, a RICO Complaint must allege violations of *criminal* acts, not rules of professional responsibility. See St. Germain v. Howard, 556 F.3d 261, 263 (5th Cir. 2009). The Plaintiff has failed

to meet these pleading requirements.

The Plaintiff makes only conclusory allegations that Dr. Segarra, or the "Segarra Enterprise," attempted to defraud the Plaintiff by submitting "bogus" medical information in the underlying asbestos litigation. The Plaintiff makes no effort to explain how Dr. Segarra and the other defendants constituted an "enterprise." Instead, the most the Plaintiff can allege is that each of the defendants provided testing or legal representation for individuals who felt they had been injured due to asbestos exposure. Thus, Counts I and II should be dismissed because NSI has failed to plead essential facts with particularity and because a pattern of racketeering activity has not and cannot be established by NSI.

### iii. The Common Law Claims Should Be Dismissed Because NSI Has Failed to State A Claim Upon Which Relief Can be Granted

NSI alleges that Dr. Segarra committed "fraud" and negligent misrepresentation. However, NSI has failed to state a claim for fraud and/or aiding and abetting fraud. Rule 9(b) of the Federal Rules of Civil Procedure imposes a heightened level of pleading for fraud claims: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Hart v. Bayer Corp., 199 F.3d 239, 247 n.6 (5th Cir. 2000). Although the particularity demanded differs with the facts of each case, the plaintiff pleading fraud must set forth "the who, what, when, and where ... before access to the discovery process is granted." Id. "Anything else fails to provide defendants with adequate notice of the nature and grounds of the claim." Id. Rule 9(b) requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, *state when and where the statements were made*, and *explain* why

the statements were fraudulent.  Nathenson v. Zonagen Inc., 267 F.3d 400, 412 (5th Cir. 2001) (emphasis added).   When a plaintiff alleges fraud, he must allege the "particulars of time, place, and contents of the false representations" as well as the "who, what, when, where, and how" of the alleged fraud.  United States v. Humana Health Plan of Texas, Inc., 336 F.3d 375, 384 (5th Cir. 2003).

In the instant case, NSI has failed to comply with these requirements, and therefore any claim for fraud must be dismissed.  The Plaintiff generally lists 31,916 claims but fails to describe with specificity what "fraud" was committed with regard to each claim.  Such general accusations are exactly what Rule 9(b) was designed to prevent against.

The Plaintiff also fails to state a claim for negligent misrepresentation.  In a claim for negligent misrepresentation, the Plaintiff must allege that it *reasonably relied* upon the Defendants' representation and that its damages were the proximate result of such reliance.  Holland v. Peoples Bank & Trust Co. 3 So. 3d 94, 101 (Miss. 2009).  The Plaintiff has failed to state a claim for negligent misrepresentation because it has not alleged how it "reasonably relied" upon Dr. Segarra's medical diagnoses.    The very nature of litigation is adversarial, and the Plaintiff had no right to "reasonably rely" on the findings of an expert retained to provide testimony for the opposing side.   The entire "mass tort" process was designed to provide the Plaintiff, NSI, an opportunity to review any claims that it found questionable and to deny any claims that it found to have no merit.

For these reasons, the Plaintiff has failed to state a claim upon which relief can be granted on the RICO claims, the fraud claims, and/or the negligent

misrepresentation claims.

### III.  CONCLUSION

The Defendant respectfully requests that this Court grant his Motion to Dismiss. The Plaintiff's claims are barred by the statute of limitations.  In the alternative, the Plaintiff has failed to state a claim upon which relief can be granted.  For these reasons, the Motion to Dismiss should be granted.

Respectfully submitted,

BRYAN, NELSON, SCHROEDER,
CASTIGLIOLA & BANAHAN, PLLC
Attorneys for Defendant,

**JAY T. SEGARRA, M.D.**

BY: /s/ *John A. Banahan*
**JOHN A. BANAHAN (MSB 1731)
MATTHEW G. MESTAYER (MSB 9646)
JESSICA B. McNEEL (MSB 102674)**

## CERTIFICATE OF SERVICE

I, **JOHN A. BANAHAN**, one of the attorneys for the Defendant, **JAY T. SEGARRA, M.D.**, do hereby certify that on July 14, 2009, I electronically filed the foregoing Defendant, Jay T. Segarra's Memorandum of Law in Support of his Motion to Dismiss, with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

s/*John A. Banahan*
JOHN A. BANAHAN  (MSB 1731)

BRYAN, NELSON, SCHROEDER,
CASTIGLIOLA & BANAHAN, PLLC
Attorneys at Law
1103 Jackson Avenue (39567)
Post Office Drawer 1529
Pascagoula, MS 39568-1529
Tel.: (228)762-6631
Fax: (228)769-6392
Jessica@bnscb.com