**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

NATIONAL SERVICE INDUSTRIES, INC.,                                             PLAINTIFF
F/D/B/A NORTH BROTHERS, INC.,

VS.                                                          Civil Action No. 3:09-cv-083-HTW-LRA

JAY T. SEGARRA, M.D.
RESPIRATORY TESTING SERVICES, INC.,
CHARLES E. FOSTER
J. MICHAEL FITZGERALD, ESQ.
CHRISTOPHER LINN TAYLOR
JAMES W. BALLARD, M.D.
PHILLIP H. LUCAS, M.D.
JOHN DOE DEFENDANTS 1-20                                                    DEFENDANTS

### MEMORANDUM OPINION AND ORDER

Before the court are fourteen motions:

1. [docket no. 43] defendant James W. Ballard's motion to dismiss for failure to state a claim;
2. [docket no. 45] defendant James W. Ballard's motion to dismiss for lack of jurisdiction (in personam);
3. [docket no. 46] defendant James W. Ballard's motion to dismiss for improper venue;
4. [docket no. 48] defendant Jay T. Segarra's motion to dismiss for failure to state a claim;
5. [docket no. 51] defendant James W. Ballard's motion to strike plaintiff National Service Industries, Inc.'s complaint pursuant to Fed. R. Civ. P. 12(f);
6. [docket no. 54] defendant Phillip H. Lucas' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b);
7. [docket no. 59] defendant J. Michael Fitzgerald's motion to dismiss all claims;
8. [docket no. 93] plaintiff National Service Industries, Inc.'s motion for leave to file a supplementary response in opposition to the replies of the motions to dismiss of defendants Segarra, Fitzgerald, Ballard, Lucas;
9. [docket no. 95] defendant James W. Ballard's motion to strike [docket no. 94] response in opposition;
10. [docket no. 113] *pro se* defendant Charles E. Foster's motion to set aside default;
11. [docket no. 115] defendant Charles E. Foster's amended motion to set aside default;

12. [docket no. 116] defendant Respiratory Testing Services, Inc.'s motion to set aside default;
13. [docket no. 127] defendant James W. Ballard's first motion for summary judgment; and
14. [docket no. 142] motion to withdraw as attorney filed by counsel for plaintiff National Service Industries, Inc.

Plaintiff National Services Industries, Inc. has alleged that all defendants have violated the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), Title 18 U.S.C. § 1961, *et seq.*[1]  Because plaintiff has pled violation of a federal statute, this court has federal question subject matter jurisdiction, under Title 28 U.S.C. § 1331,[2] over the claims founded in federal statutes, and supplemental jurisdiction, under Title 28 U.S.C. § 1367(a),[3] over the state law claims which arise from the same set of facts and circumstances.  The RICO statutes also grant this court jurisdiction, under Title 18 U.S.C. § 1964.[4]

---

[1] "RICO provides a private cause of action for '[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter.' 18 U.S.C. § 1964(c). Section 1962, in turn, contains RICO's criminal provisions. Specifically, § 1962(c) [. . .] makes it 'unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate ... commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity.' '[R]acketeering activity' is defined to include a number of so-called predicate acts, including [. . .] mail and wire fraud. See § 1961(1)." *Hemi Group, LLC v. City of New York, N.Y.*, __ U.S. __, 130 S.Ct. 983, 987, 175 L.Ed.2d 943 (2010).

[2] Title 28 U.S.C. § 1331 states, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

[3] Title 28 U.S.C. § 1367(a) states in pertinent part:
Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

[4] Title 18 U.S.C. § 1964(a) states in pertinent part:
(a) The district courts of the United States shall have jurisdiction to prevent and restrain violations of section 1962 of this chapter by issuing appropriate orders, including, but not limited

## I.  Background

The matter before this court is a complex civil action involving asbestos personal injury litigation. The plaintiff, National Service Industries, Inc. ("NSI") has conducted business in multiple industries, including linen supply, chemicals, and envelope manufacturing.  NSI's involvement in this litigation arises from its 1966 through 1972 sale and installation of asbestos-containing insulation products, under the company name North Brothers, Inc.[5]

In this civil action, plaintiff has sued defendants Jay T. Segarra, M.D. ("Segarra"), Respiratory Testing Services, Inc., ("RTS"), Charles E. Foster ("Foster"), J. Michael Fitzgerald, Esq., ("Fitzgerald"), Christopher Linn Taylor ("Taylor"), James W. Ballard, M.D. ("Ballard"), Phillip H. Lucas, M.D. ("Lucas") and John Doe defendants 1-20 for:  (1) violation of Title 18 U.S.C. § 1962(c), RICO, by conducting a long-standing scheme by defendants to defraud plaintiff; (2) conspiracy to violate Title 18 U.S.C. § 1962(c); (3) common law fraud; (4) negligent misrepresentation; and (5) aiding and abetting fraud.

Plaintiff's complaint alleges that from approximately 1992 through today, defendants, along with unknown co-conspirators, schemed to recruit tens of thousands

---

to: ordering any person to divest himself of any interest, direct or indirect, in any enterprise; imposing reasonable restrictions on the future activities or investments of any person, including, but not limited to, prohibiting any person from engaging in the same type of endeavor as the enterprise engaged in, the activities of which affect interstate or foreign commerce; or ordering dissolution or reorganization of any enterprise, making due provision for the rights of innocent persons.
. . .
(c) Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court [. . .]

[5] NSI acquired North Brothers, Inc., an insulation service company, in 1966 and sold the company in 1997.

of personal injury claimants and generate false medical documentation to substantiate fraudulent asbestos-related disease claims against plaintiff and other companies. Plaintiff contends that defendants created an enterprise which systematically pursued claimants through marketing and solicitation of trade unions and employed fraudulent medical screening practices to ensure these medical screenings would generate false documentation for a large number of claimants in order to overwhelm the judicial system and force the plaintiff into out-of-court settlements. Plaintiff alleges that defendants solicited personal injury law firms and individuals using mass mailings, local trade unions and organizations, and television, radio, and newspaper advertisements. NSI has attached to its complaint a list of almost 32,000 claims which it alleges were a product of defendants' fraudulent scheme.

The court has heard oral arguments on the motions in docket numbers 43, 48, 54, 59, 93,113, 115, and 116.  Since those oral arguments, and at the invitation of the court, defendant Ballard has filed a motion for summary judgment [docket no. 127]. Defendants Lucas, Fitzgerald, and Segarra have joined in the motion.  The motion for summary judgment encompasses many of the arguments of the defendants in other motions.  This court will reserve ruling on those motions [docket nos. 48, 51, 54, and 59], until hearing the motion for summary judgment.

## II. Defendant Ballard's Motion to Dismiss for Failure to State a Claim

Earlier the parties appeared before this court for oral argument.  At that time, the court denied Ballard's motion to dismiss for failure to state a claim, while allowing defendant Ballard to reurge his motion as one for summary judgment.  Ballard has submitted his motion for summary judgment.  That motion has not been heard yet.  His

4

arguments below will be considered when this court hears arguments on his motion for summary judgment.

### A. NSI's Standing to Sue

Ballard asserts that plaintiff is not a proper party plaintiff because it was a share owner in North Brothers, Inc., and cannot sue separately for injury done to the corporate entity North Brothers, Inc. Ballard argues that the Fifth Circuit has ruled that Title 18 does not allow private civil damage claims by a shareholder for RICO injury to a corporate entity. *Crocker v. Federal Deposit Insurance Corporation*, 826 F.2d 347 (5th Cir. 1987), cert. den., 485 U.S. 905 (1988). Shareholder injury, says Ballard, is a derivative injury, barred by Fifth Circuit precedent. This lack of injury under the RICO statute, says Ballard, deprives NSI from standing to bring these claims against all defendants. NSI claims that North Brothers, Inc. was a predecessor to NSI. And that NSI is not a shareholder, but a continuation of the same entity as North Brothers, which has retained its liabilities.

### B. Statute of Limitations

Ballard asserts that all claims against him had become time-barred before this civil action was filed on February 11, 2009. In *Agency Holding Corp., v. Malley-Duff Associates, Inc.*, 483 U.S. 143 (1987), the United States Supreme Court determined that the federal limitations period to be applied to civil RICO claims is four years. Ballard asserts that there is no allegation in the complaint that plaintiff settled any claims within four years of the filing of this lawsuit. Further, Ballard asserts that there is no specific allegation in plaintiff's complaint that Ballard committed any fraudulent act against the plaintiff after February 11, 2005. Ballard also argues that all of plaintiff's state tort law

claims have become time-barred.

### C. Failure to state a claim

The complaint is lengthy and confusing, says Ballard, but fails to plead facts with sufficient particularity to state civil causes of action founded on mail fraud, wire fraud, and conspiracy under RICO. The complaint, says Ballard, generally alleges fraud related to 31,916 asbestos claims settled by North Brothers, Inc., but does not specify what specific acts or statements by defendants were fraudulent, nor which asbestos claims lacked merit.

### D. Evolution of Motion to Dismiss

Defendant Ballard offered documents and exhibits to supplement this motion to dismiss. When this motion came on for hearing, this court denied the motion. The court stated that Ballard could reurge his motion under Fed.R.Civ.P. 56 as a motion for summary judgment. The defendant has since filed a motion for summary judgment [docket no. 127], encompassing all arguments presented here. This court, thus, denies this motion to dismiss without reaching its merits, and will address defendant's arguments in his motion for summary judgment.

### III. Plaintiff NSI's motion for leave to file a supplementary response [docket no. 93] and defendant Ballard's motion to strike [docket no. 95]

NSI seeks leave from the court to file a supplementary response in opposition to the replies of defendants Segarra, Fitzgerald, Ballad, and Lucas in docket numbers 82, 83, 84, 86, and 87, and to Ballard's reply in docket number 85. Plaintiff, at the time it filed its motion for leave to supplement, also filed its supplementary response [docket no. 94]. Defendant Ballard, joined by the other defendants, responded with a motion to

strike plaintiff's supplementary response, stating it is an improper filing not allowed by the local rules.

NSI argues that defendant Ballard has submitted new exhibits attached to his replies in support of his motions to dismiss and strike, and that all defendants have offered new arguments, especially related to the Fifth Circuit's decision *Love v. Nat'l Med. Enters.*, 230 F.3d 765 (5th Cir. 2000).

Prior to this motion by plaintiff to supplement its responses, the defendants had filed seven dispositive motions among them, either to dismiss or strike plaintiff's complaint. The plaintiff has filed responses to each of those motions, some responses applying to more than one motion. Defendants filed a reply to each of plaintiff's responses.

Rule 7 of the Civil Uniform Local Rules contemplates a party filing a motion, the other side filing a response, and the moving party having an opportunity to rebut the opposing party's response. Rule 7(b)(5) limits the non-movant's response memorandum to thirty-five pages.

The Federal Rules of Civil Procedure provide for amending or supplementing pleadings in Rule 15. Under Rule 15(a) "pleadings may be amended once as a matter of course before a responsive pleading is served, and thereafter by leave of court." *See* Fed.R.Civ.P. 15(a);[6] *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993). The

---

[6] Fed.R.Civ.P. 15(a) states in pertinent part:
(1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:
   (A) 21 days after serving it, or
   (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f),

decision to grant or deny leave to amend is within the discretion of the trial court.  *Id.* When deciding whether to grant leave for a party to amend its pleadings, the court should consider factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment."  *Id.*

In this case, the plaintiff has filed a fourteen page response [docket no. 74] and a thirty-five page memorandum in response [docket no. 75] to six of the defendant's seven dispositive motions [docket nos. 43, 45, 46, 48, 54, 59].  Plaintiff filed an additional fourteen page response [docket no. 76] to Ballard's motions to dismiss for lack of personal jurisdiction [docket no. 45]  and motion to dismiss for improper venue [docket no. 46].  Plaintiff filed a twenty-page response [docket no. 77], with memo included, to Ballard's motion to strike the complaint [docket no. 51].  All parties have had ample opportunity to brief their arguments and legal underpinnings through the normal course of motion practice.  Further, the plaintiff has responded more than once in writing to two defendants' motions and had an opportunity to offer facts and legal authority in oral arguments before this court.

The gravamen of plaintiff's request to supplement is that plaintiff disagrees with defendant Ballard's reading of the Fifth Circuit case *Love v. Nat'l Med. Enters.*, 230 F.3d 765 (5th Cir. 2000), and objects to Ballard's offering into the record as an exhibit plaintiff's 10-K which was filed with the Securities and Exchange Commission ("SEC").

---

whichever is earlier.
(2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Plaintiff, however, has not filed a motion to strike Ballard's exhibit.

This court denies plaintiff's motion to supplement because of its futility. The court is within the bounds of the Federal Rules of Evidence to take judicial notice of the documents plaintiff has filed with the SEC, but may not consider these documents "to prove the truth of the documents' contents." *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996). As the court is limited to considering only "what statements the documents contain," and not their veracity, their admission to the record poses no risk of prejudice to the plaintiff. The *Lovelace* case, explicitly allowing judicial notice of documents filed with the SEC, concerned claims of securities fraud. In this case, Ballard has offered the 10-K's to show statements that plaintiff made concerning its liability for asbestos-related litigation. The court will be guided by the hearsay rules to determine the proper weight this court should give to the SEC filings.

With respect to interpretation of the *Love* case, the plaintiff argued its interpretation of this case, even quoting portions of the case, in its memorandum in response to defendants' motions to dismiss. Docket no. 75. The court must place some limit on allowing parties to file surrebuttals and supplemental responses to motions, especially when the parties are addressing the same arguments and legal authorities. Rehashing these matters is redundant and unnecessary. Further, the court need not point out to plaintiff that this court is capable of reading and understanding Fifth Circuit precedent.

Plaintiff's motion to supplement [docket no. 93] is denied, and defendant Ballard's motion to strike [docket no. 95] is granted.

## IV. Motions to Set Aside Default Judgments

"Default judgments are a drastic remedy, not favored by the Federal Rules . . ." *Sun Bank of Ocala v. Pelican Homestead and Sav.*, 874 F.2d 274 (5th Cir. 1989). Rule 60(b) should be "liberally applied" and "doubt should be resolved in favor of a judicial decision on the merits of a case". *Blois v. Friday,* 612 F.2d 938, 940 (5th Cir. 1980).

Federal Rule of Civil Procedure 55(c)[7] allows the court to set aside a default judgment either for "good cause" or for any of the reasons enumerated in Rule 60(b).[8] Under Fed.R.Civ.P. 60(b)(1), the court may relieve a party from a final order for "mistake, inadvertence, surprise, or excusable neglect." The "good cause" standard of Rule 55 is incorporated into Rule 60(b)(1). *In re: Marinez*, 589 F.3d 772, 777 (5th Cir. 2009). To determine whether a default judgment should be set aside under Rule 60(b)(1), the court must "examine the following factors: whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Id*.

---

[7] Fed.R.Civ.P 55(c) states, "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b).

[8] Fed.R.Civ.P. 60(b) states:
GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
    (1) mistake, inadvertence, surprise, or excusable neglect;
    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
    (4) the judgment is void;
    (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
    (6) any other reason that justifies relief.

Plaintiff, NSI, filed motions for entry of default against both Charles Foster and RTS on July 10, 2009.  NSI, in its motion, stated that RTS and Charles F. Foster were served with the complaint on June 7, 2009, but failed to respond.  The Clerk entered default against both RTS and Foster on December 11, 2009.

Defendant Foster filed a *pro se* motion to set aside default judgment [docket no. 113], an amended motion to set aside default judgment [docket no. 115] through counsel, and a motion to set aside default judgment against RTS [docket no. 116]. Foster, for himself and as the sole representative of RTS, requests this court to set aside the default judgment against RTS and himself.  He says that his response to the complaint was delayed because of his initial inability to obtain counsel; his lack of knowledge and understanding of the judicial proceedings; various health problems, including open heart surgery; and his belief that a court sitting in Mississippi had no personal jurisdiction over him.  He attached an affidavit to his amended motion to set aside, detailing his health problems and other challenges which delayed his response to the complaint.  Foster's and RTS's motions to set aside the default judgment offer factual and legal defenses to the claims against them.

This court finds the defendants have shown good cause for their failure to respond timely to the complaint and summons.  Plaintiff has not responded in opposition to defendants' motions to set aside the default judgments, and thus offered no arguments that it would suffer prejudice from having to litigate these claims on the merits.  Further, defendants Foster and RTS have offered valid defenses to the claims against them, including standing of the plaintiff to sue, the running of the statutes of limitations on all claims, and lack of personal jurisdiction over these defendants. The

motions to set aside the default judgments [docket nos. 113, 115, and 116] are well-taken and are granted.

### V. Conclusion

For the reasons stated above, this court denies defendant Ballard's motion to dismiss [docket no. 43] without reaching its merits, denies NSI's motion for leave to file a supplementary response [docket no. 93], grants Ballard's motion to strike [docket no. 95], and grants defendants Foster's and RTS's motions to set aside default [docket nos. 113, 115, 116].

SO ORDERED, this, the 30th day of September, 2011.

s/ HENRY T. WINGATE
UNITED STATES DISTRICT JUDGE

Memorandum Opinion and Order
Civil Action No. 3:09-cv-083-HTW-LRA