**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

NATIONAL SERVICE INDUSTRIES, INC.,                                    PLAINTIFF
F/D/B/A NORTH BROTHERS, INC.,

VS.                                                    Civil Action No. 3:09-cv-083-HTW-LRA

JAY T. SEGARRA, M.D.
RESPIRATORY TESTING SERVICES, INC.,
CHARLES E. FOSTER
J. MICHAEL FITZGERALD, ESQ.
CHRISTOPHER LINN TAYLOR
JAMES W. BALLARD, M.D.
PHILLIP H. LUCAS, M.D.
JOHN DOE DEFENDANTS 1-20                                    DEFENDANTS

## <u>ORDER OF DISMISSAL</u>

Before the court are thirteen motions, ten filed by defendant James W. Ballard

("Ballard"), and one each filed by defendants Jay T. Segarra ("Segarra"), Phillip H.

Lucas ("Lucas"), and J. Michael Fitzgerald ("Fitzgerald").  Below are the motions before

this court:

| Motion | Filed by |
|---|---|
| 1. MOTION to Dismiss for Lack of Jurisdiction *(In Personam)* [docket no. 45] | Ballard |
| 2. MOTION to Dismiss *(for Improper Venue)* [docket no. 46] | Ballard |
| 3. Motion to Dismiss [docket no. 48] | Segarra |
| 4. MOTION to Strike [1] Complaint *Pursuant to Fed. R. Civ. P. 12(f)* [docket no. 51] | Ballard |
| 5. MOTION to Dismiss *Pursuant to Federal Rules of Civil Procedure Rule 12(b)(6), 9(b) and the Standing Order of the U.S. District Court for the Southern District of Mississippi RE: RICO* [docket no. 54] | Lucas |
| 6. MOTION to Dismiss *ALL CLAIMS* [docket no. 59] | Fitzgerald |
| 7. First MOTION for Summary Judgment [docket no. 127] | Ballard |
| 8. Second MOTION for Summary Judgment *(Partial) (No RICO "Enterprise")* [docket no. 147] | Ballard |

9. MOTION to Amend/Correct [144] Order on Motion to Dismiss,   Ballard
   Order on Motion for Leave to File, Order on Motion to Strike,
   Order on Motion to Set Aside Default [docket no. 150]

10. Third MOTION for Summary Judgment *Re Statute of*   Ballard
    *Limitations* [docket no. 156]

11. Fourth MOTION for Summary Judgment *re RICO Fraud by*   Ballard
    *"False" Statements* [docket no. 158]

12. Fifth MOTION for Summary Judgment re Lack of First and   Ballard
    Third Party Reliance [docket no. 160]

13. MOTION to Amend/Correct [144] Order on Motion to Dismiss,   Ballard
    , Order on Motion for Leave to File, Order on Motion to Strike,
    Order on Motion to Set Aside Default [docket no. 172]

Plaintiff National Services Industries, Inc., has alleged that the defendants have

violated the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), Title

18 U.S.C. § 1961, *et seq.*[1]  This court has federal question subject matter jurisdiction,

under Title 28 U.S.C. § 1331,[2] over the claims founded in federal statutes, and

supplemental jurisdiction, under Title 28 U.S.C. § 1367(a),[3] over the state law claims

which arise from the same set of facts and circumstances.  The RICO statutes also

---

[1] "RICO provides a private cause of action for '[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter.' 18 U.S.C. § 1964(c). Section 1962, in turn, contains RICO's criminal provisions. Specifically, § 1962(c) [. . .] makes it 'unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate ... commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity.' '[R]acketeering activity' is defined to include a number of so-called predicate acts, including [. . .] mail and wire fraud. See § 1961(1)." *Hemi Group, LLC v. City of New York, N.Y.*, __ U.S. __, 130 S.Ct. 983, 987, 175 L.Ed.2d 943 (2010).

[2] Title 28 U.S.C. § 1331 states, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.''

[3] Title 28 U.S.C. § 1367(a) states in pertinent part:
Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2

grant this court jurisdiction, under Title 18 U.S.C. § 1964.[4]

National Services Industries, Inc. ("NSI") filed this lawsuit in 2009, claiming injury from the defendants' fraud, misrepresentation, and violations of RICO.  Plaintiff's complaint alleges that from approximately 1992 through 2009, defendants, along with unknown co-conspirators, schemed to recruit personal injury claimants and generate false medical documentation to substantiate tens of thousands claims of asbestos-related disease against the plaintiff and other similarly situated companies.

The parties have engaged in lengthy motion practice and oral arguments before this court.  Most recently, this matter came before the court in a hearing on January 17, 2012.  All Defendants appeared at the hearing through counsel.  The plaintiff failed to appear.  The defendants pointed out that plaintiff has failed to respond to multiple dispositive motions, as well as an order of this court.  Defendants argued that dismissal is appropriate in this case based on the dispositive motions listed above, as well as plaintiff's failure to prosecute this case.  For the reasons discussed below, the court dismisses this lawsuit.

## I.  Background

---

[4] Title 18 U.S.C. § 1964(a) states in pertinent part:
(a) The district courts of the United States shall have jurisdiction to prevent and restrain violations of section 1962 of this chapter by issuing appropriate orders, including, but not limited to: ordering any person to divest himself of any interest, direct or indirect, in any enterprise; imposing reasonable restrictions on the future activities or investments of any person, including, but not limited to, prohibiting any person from engaging in the same type of endeavor as the enterprise engaged in, the activities of which affect interstate or foreign commerce; or ordering dissolution or reorganization of any enterprise, making due provision for the rights of innocent persons.
. . .
(c) Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court [. . .]

Defendant Ballard filed a first motion for summary judgment on October 6, 2010, to which the plaintiff NSI responded on November 9, 2010.  The plaintiff then filed a notice of supplemental authority on January 11, 2011.

On June 29, 2011, plaintiff's counsel filed a motion to withdraw, citing "irreconcilable differences" between counsel and client, and requesting a forty-five day stay for plaintiff to hire new counsel.  Docket no. 142 at 1.  This court granted the motion to withdraw on October 6, 2011.  Order, docket no. 145.  In the October 6, 2011, order, this court granted the stay and directed plaintiff to have new counsel file an appearance on or before October 20, 2011.

The defendants have brought to the court's attention that plaintiff's prior counsel, Forman, Perry, Watkins, Krutz & Tardy, LLP, has sued and won a default judgment against NSI's parent company for non-payment NSI's legal fees.  *See Forman, Perry Watkins, Krutz & Tardy, LLP v. Kelly Capital, LLC*, Civil Case No. 2:11-cv-176-KS-MTP.

Since NSI responded to Ballard's first motion for summary judgment, Ballard has filed four additional motions for summary judgment, each addressing different grounds for dismissal of the case.  Defendant Ballard filed these motions between October 21, 2011 and November 14, 2011.  Several months have passed and the plaintiff has not responded to any of these motions for summary judgment.

Attorney Jeff Hubbard attended the January 17, 2012, hearing before this court "on behalf of" NSI, but explicitly stated to the court that he was not entering an appearance, did not represent NSI, and would not represent NSI for the balance of the litigation in this case.  Jan. 17, 2012 hearing transcript, 1:9-17.  Hubbard said that he discussed representation with NSI, but they were unable to come to agreement.  NSI

4

initially contacted Attorney Hubbard in early to mid-October. *Id* at 13:7-11. Attorney Hubbard declined to represent NSI at that time, but provided names of other attorneys for NSI to contact. *Id* at 3:6-9. NSI contacted Attorney Hubbard again about a week before the hearing to ask him to come to the court and relay to the court NSI's efforts to hire counsel. *Id* at 2:15, 4:2-8.

The court announced in that hearing its intent to dismiss this case in its entirety, yet to date the plaintiff has made no effort to file any paper or pleading with the court.

## II. Failure to Prosecute

Fed.R.Civ.P. 41(b) allows the court to dismiss an action or any claim "if the plaintiff fails to prosecute or to comply with these rules or a court order." The rule operates to dismiss the action with prejudice as "an adjudication on the merits" unless the court specifies otherwise in its order. The Fifth Circuit has held that, although dismissal under Fed.R.Civ.P. 41(b) is reserved for severe cases, this rule authorizes a district court to dismiss an action with prejudice for failure to prosecute upon a showing of "clear record of delay or contumacious conduct by the plaintiff, . . . and where lesser sanctions would not serve the best interests of justice." *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982)(citations omitted). The court in *Stearman, III, v. Commissioner of Internal Revenue*, 436 F.3d 533 (5th Cir. 2006), recognized that this test could generally be met when "one of three aggravating factors is also present: (1) delay caused by the plaintiff; (2) actual prejudice to the defendant; or (3) delay as a result of intentional conduct." 436 F.3d at 535.

Although dismissal under Rule 41 is a severe measure, plaintiff's failure to

5

respond or participate in the prosecution of its lawsuit has made it clear that this case can go no further.  Other than the pleadings associated with the motion of plaintiff's counsel to withdraw, NSI has filed no pleadings with this court for more than a year, despite several dispositive motions having been filed by defendants.  Plaintiff has also ignored an order of this court to have new counsel enter an appearance on or before October 20, 2011.  Mr. Hubbard's appearance before this court on January 17, 2012, provides a clear indication that NSI has received notice of the activity in this case. Attorney Hubbard said that NSI contacted him shortly before its deadline to find counsel in October.  NSI had every opportunity to notify the court at that time of its intention to continue to pursue this matter.  NSI similarly could have contacted the court prior to the January 17th hearing to apprise the court of its intentions.  Finally, this court announced in the January 17th hearing, and the associated docket entry its intention to dismiss this case.  This announcement has yielded no response from the plaintiff.

### III.  Conclusion

To date, the plaintiff has failed to respond to four dispositive motions, an order of the court to enter an appearance of counsel, and a scheduled hearing before the court. This court finds it necessary, therefore, to grant the defendants' motion to dismiss this case for failure to prosecute.

This lawsuit has been no simple matter, requiring extensive briefing and arguments from defendants' attorneys.  Countless hours and costs have been expended in the defense of this suit, only for the plaintiff now to abandon the suit.

Should the plaintiff wish to pursue this litigation, plaintiff, in the next fourteen (14)

6

days, must file a Motion to Reopen and set out therein plaintiff's genuine, legally-

sufficient reasons why plaintiff ceased participation in this lawsuit.  The court will

examine any explanations provided and thereafter determine whether to reinstate this

lawsuit.

SO ORDERED, this, the 19th day of March, 2011.

s/ HENRY T. WINGATE
UNITED STATES DISTRICT JUDGE


Order of Dismissal
Civil Action No. 3:09-cv-083-HTW-LRA